## BAYLOR UNIVERSITY HOSPITAL v. STROUD.

### No. 12331.

Court of Civil Appeals of Texas. Dallas.
March 12, 1938.

Burgess, Chrestman & Brundidge, J. A. Blakeley, and Henry Smith, all of Dallas, for appellant.

Wynne & Wynne, of Wills Point, for appellee.

YOUNG, Justice.

This is an appeal from the county court of Van Zandt county, in a suit transferred from a court of proper jurisdiction in Dallas county. Appellant's case originally was upon a sworn account for $347.07, the amended petition on which plaintiff went to trial being based upon a letter or new promise to pay said amount. From an adverse judgment below, appellant has predicated this appeal. The parties will be referred to as in the trial court.

Plaintiff's sole assignment complains of the action of the trial court in excluding the letter in question, of date July 5, 1932, tending to show such new promise, on the ground that the execution of same had not been proved. This assignment is well taken, the writing to which objection was sustained being the basis of plaintiff's present cause of action, Howard v. Windom, 86 Tex. 560, 26 S.W. 483, and the proof of execution not being necessary under article 3734, R.S., in the absence of sworn answer thereto. Defendant's pleadings contain no such affidavit as was required by this article. Defendant points out that the letter, on its face, is insufficient to raise a new promise to pay the account, hence judgment was properly in his favor. However, the legal effect of the letter is not now before us, as the plaintiff contends the exclusion of this written evidence shut out other pertinent facts that should have been admitted following the introduction of this letter, which, together with the excluded testimony, were sufficient to toll the statute. The sufficiency of this letter may indeed be questioned, but plaintiff is entitled to a full development of its case; that is, a proper consideration by the trial court of such alleged new promise in writing, together with the other relevant facts and circumstances, to which plaintiff in reply brief makes reference.

Reversed and remanded.